UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————

LEVAR T. HENRY,

      Plaintiff,                  17 cv 3450 (JGK)

    - against -             MEMORANDUM OPINION
                                 AND ORDER

CITY OF NEW YORK, ET AL.,

      Defendants.
————————————————————————————

JOHN G. KOELTL, District Judge:

The pro se plaintiff, Levar T. Henry, has brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 and violations of New York state law against the City of New York (the "City") and police officers Gary Perez, Randys Figuereo, Carlos Pimentel, Carlos Thomas, Juan Carrero, and Christian Hernandez.  The plaintiff has asserted claims including false arrest, malicious prosecution, fabrication of evidence, excessive force, municipal liability, and analog state law claims.  The defendants have moved for summary judgment dismissing all of the plaintiff's claims pursuant to Federal Rule of Civil Procedure 56.  For the following reasons, the defendants' motion is granted in part and denied in part.

**I.**

Unless otherwise noted, the following facts are undisputed.[1]

On the evening of August 18, 2016, Officers Perez, Carrero, and Figuereo observed from an unmarked vehicle the plaintiff engage in what they believed to be a drug transaction.  Allen Decl. Exs. F at 63-69, I.  Based on their observations, the three plain clothed officers stopped the plaintiff to investigate further.  Allen Decl. Exs. E at 40-41, H at 28. Officer Figuereo demanded the plaintiff to stop, at which point the plaintiff resisted.  Allen Decl. Ex. H at 29-33.  Officers Perez and Figuereo forced the plaintiff to the ground, though the officers' testimony does not clearly establish how the plaintiff wound up on the ground.  Allen Decl. Exs. E at 42-43, F at 73-75, H at 29-31.  The plaintiff asserts that the plaintiff was knocked to the ground after officers repeatedly slammed his head into a wall.  Allen Decl. Ex. B at 40-41.  Soon after, Officers Pimentel and Thomas arrived to assist the other officers.  Allen Decl. Exs. C at 62, D at 46-47, F at 76-77.

---

[1] The plaintiff failed to respond to or contest the defendants' statement of facts in the defendants' Rule 56.1 Statement. The defendants advised the pro se plaintiff, who was represented by counsel through discovery, of his Rule 56 obligations pursuant to Local Rule 56.2.  See ECF Nos. 110, 111, 117. Therefore, the plaintiff is not excused from the requirements of Local Rule 56.1.  See Wali v. One Source Co., 678 F. Supp. 2d 170, 178 (S.D.N.Y. 2009). Nevertheless, the Court is required to assure that the statements in the Rule 56.1 statement are supported in the record.  See Holtz v. Rockefeller & Co., 258 F.3d 62, 74 (2d Cir. 2001).  Moreover, the Court will "conduct an assiduous review of the record" in light of the special solicitude given to pro se litigants.  Holtz, 258 F.3d at 73.

While bringing the plaintiff to the ground, the officers observed multiple bags of crack cocaine fall from the plaintiff's person, and after they transported him to a police vehicle, the officers found another bag where he was seated in the vehicle.  Allen Decl. Ex. E at 78-79.  Because multiple bags of crack cocaine had fallen from the plaintiff's person, Lieutenant Christian Hernandez approved a strip search of the plaintiff.  Allen Decl. Exs. A ¶ 39, B at 83, G at 44-45.  The plaintiff resisted the officers' strip search, but the officers were still able to recover more bags of cocaine during the search.  Allen Decl. Ex. E at 72.

Because of the altercations, the plaintiff required medical attention.  Allen Decl. Exs. G at 38-39, E at 63, 76, H at 41-42.  After the strip search, and several hours after the arrest, the plaintiff was brought by ambulance to Harlem Hospital.  Allen Decl. Ex. I, R, S at D00143.  The hospital treated the plaintiff for a laceration on his face and abrasions to his elbow and wrists.  Allen Decl. Ex. S at D00146, D00150, D00160.  The medical records note that the plaintiff alleged to the medical staff that he was assaulted by the officers, that he was punched in the face and head, that the officers slammed his head into a wall and kneed him in the chest, and the medical report included that he had a bruise and laceration on his forehead.  Id. at D00146, D00155.  The report also included that the

3

plaintiff complained of chest and rectal pain after his arrest and search.  Id. at D00155.  The hospital administered sutures on the plaintiff's forehead to seal the laceration.  Id. at D00149.  At the hospital, additional crack cocaine was found in the plaintiff's underwear.  Allen Decl. Exs. Q at D00146; S at D00146.  The hospital also found "no overt evidence of foreign bodies within the gastrointestinal tract."  Allen Decl. Ex. S at D00151.

On March 27, 2017, the plaintiff pleaded guilty to criminal possession of a controlled substance in the fourth degree in New York State Court in connection with his August 18, 2016 arrest. Allen Decl. Ex. N at D00417.  He was sentenced to 42 months' imprisonment and two years of post-release supervision.  Id.  On appeal, his conviction was affirmed.  People v. Henry, 116 N.Y.S.3d 565 (App. Div. 2020).

The defendants moved for summary judgment dismissing all claims on December 18, 2020.  ECF No. 115.  The plaintiff failed to respond, and on January 26, 2021, the Court entered an Order extending the plaintiff's time to respond until February 12, 2021.  ECF No. 120.  In that Order, the Court stated that it would decide the motion on the papers submitted if the plaintiff failed to respond by February 12, 2021.  On February 24, 2021, the defendants filed a letter with the Court noting that the plaintiff had not responded and requesting that Court decide the

4

motion on the papers submitted.  ECF No. 121.  Because the
plaintiff has not responded to the motion, the Court decides the
motion on the papers submitted.

## II.

The standard for granting summary judgment is well
established.  "The court shall grant summary judgment if the
movant shows that there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law."
Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477
U.S. 317, 322-23 (1986); Gallo v. Prudential Residential Servs.,
Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994).[2]  "[T]he trial
court's task at the summary judgment motion stage of the
litigation is carefully limited to discerning whether there are
any genuine issues of material fact to be tried, not to deciding
them.  Its duty, in short, is confined at this point to issue-
finding; it does not extend to issue-resolution."  Gallo, 22
F.3d at 1224.  The moving party bears the initial burden of
"informing the district court of the basis for its motion" and
identifying the matter that "it believes demonstrate[s] the
absence of a genuine issue of material fact."  Celotex, 477 U.S.
at 323.  "Only disputes over facts that might affect the outcome
of the suit under the governing law will properly preclude the

---

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all
citations, alterations, emphasis, and internal quotation marks in quoted
text.

entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam)); see also Gallo, 22 F.3d at 1223. Summary judgment is improper if any evidence in the record from any source would enable a reasonable inference to be drawn in favor of the nonmoving party. See Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994). If the moving party meets its burden, the nonmoving party must produce evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." Ying Jing Gan v. City of New York, 996 F.2d 522, 532 (2d Cir. 1993).

### III.

The plaintiff has asserted claims pursuant to 42 U.S.C. § 1983 for unlawful arrest, malicious prosecution, fabrication of evidence, excessive force, municipal liability, violation of due process under the Fifth Amendment, unlawful taking in violation of the Fifth Amendment, unlawful search in violation of the Fourth Amendment, violation of the Sixth Amendment

protections for criminal defendants, violation of the Eighth Amendment, violation of the Fourteenth Amendment, and New York state law claims for negligence, assault, battery, false arrest, false imprisonment, and malicious prosecution.

### A. Unlawful Arrest

The plaintiff has asserted that the plaintiff was unlawfully arrested because the defendant officers lacked probable cause to arrest him.  A false arrest claim under Section 1983 based on the Fourth Amendment right to be free from unreasonable seizures, including arrest without probable cause, "is substantially the same as a claim for false arrest under New York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Accordingly, "a plaintiff claiming false arrest must show, inter alia, that the defendant intentionally confined him without his consent and without justification." Id.  Probable cause constitutes such justification, and therefore "is a complete defense to an action for false arrest." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994); see also Jaegly v. Couch, 439 F.3d 149, 152 (2d Cir. 2006); Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003); Bullard v. City of New York, 240 F. Supp. 2d 292, 297 (S.D.N.Y. 2003); L.B. v. Town of Chester, 232 F. Supp. 2d 227, 233 (S.D.N.Y. 2002).

The plaintiff's claim of false arrest fails because the officers had probable cause to arrest him and because the

plaintiff's conviction pursuant to his guilty plea has been affirmed on appeal.

An officer has probable cause to arrest when the officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Jaegly, 439 F.3d at 152. The probable cause inquiry assesses "whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." Id. at 153. "Courts in this circuit have routinely found probable cause where an officer arrests an individual whom the officer believes, based on his or her own observation, engaged in a hand-to-hand drug sale." Smith v. City of New York, No. 04-cv-3286, 2010 WL 3397683, at *6 (S.D.N.Y. Aug. 27, 2010), aff'd sub nom., Smith v. Tobon, 529 F. App'x 36 (2d Cir. 2013).

The defendants had probable cause to arrest the plaintiff because Officers Perez, Carrero, and Figuereo were surveilling a known drug dealer when they observed the plaintiff engage in a drug transaction. See Allen Decl. Ex. E at 40-41, F at 67-69. When the officers approached the plaintiff and the known drug dealer, the known drug dealer ate the item in his hand.

Additionally, "[p]robable cause for the arrest is conclusively established where there is a valid prosecution

resulting in a conviction, including where the individual is convicted upon a guilty plea." Routier v. O'Hara, No. 08-cv-02666, 2013 WL 3777100, at *5 (E.D.N.Y. July 17, 2013); see also Thomas v. Roach, 165 F.3d 137, 144 (2d Cir. 1999); Cameron v. Fogarty, 806 F.2d 380, 388-89 (2d Cir. 1986).  Because the plaintiff pleaded guilty to the charge against him in connection with his arrest, he has conceded that the arrest was supported by probable cause.

Moreover, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Where a guilty plea has not been overturned or successfully withdrawn, the conviction "stands as a complete bar to any claims of false arrest, false imprisonment, and malicious prosecution under § 1983." Smith v. P.O. Canine Dog Chas, No. 02-cv-6240, 2004 WL 2202564, at *6

(S.D.N.Y. Sept. 28, 2004).  Mr. Henry pleaded guilty to the charge against him, and his conviction was affirmed on appeal.

Accordingly, because the defendants had probable cause to arrest the plaintiff and the plaintiff was convicted for possession of a controlled substance, the plaintiff's claim for false arrest must be dismissed.  Therefore, the defendants' motion for summary judgment is granted with respect to the false arrest claim.

### B. Malicious Prosecution

The plaintiff has asserted a malicious prosecution claim based on his prosecution for the events of August 18, 2016.  To sustain a Section 1983 claim based on malicious prosecution, a plaintiff must demonstrate conduct by the defendants that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty.  Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 116 (2d Cir. 1995); see also Shabazz v. Kailer, 201 F. Supp. 3d 386, 391 (S.D.N.Y. 2016) (collecting cases).  The elements of a malicious prosecution claim under New York law are: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  Shabazz, 201 F. Supp. 3d at 391-92.  A showing of malice can include that the officer acted "with a

10

wrong or improper motive" or anything other than "a desire to see the ends of justice served." Fulton v. Robinson, 289 F.3d 188, 198 (2d Cir. 2002). "[T]he existence of probable cause to commence a proceeding is also a complete bar to a claim of malicious prosecution." Bullard, 240 F. Supp. 2d at 297.

The malicious prosecution claim fails because the defendants had probable cause to arrest the plaintiff, the plaintiff did not secure a favorable termination of the criminal action, and the plaintiff has not alleged malice adequately. The claim is also barred by Heck. See 512 U.S. at 486-87. Therefore, the defendants' motion for summary judgment is granted with respect to the claim for malicious prosecution.

### C. Fabrication of Evidence

The plaintiff has alleged that the defendants falsified paperwork and testimony that the plaintiff was in possession of crack cocaine on the date of his arrest. However, the fabrication of evidence claim fails for several reasons. First, such a claim is precluded because of his guilty plea and the subsequent affirmance of the conviction. See Heck, 512 U.S. at 477. Second, the plaintiff admitted that he possessed crack cocaine on the date of his arrest. See Allen Decl. Ex. B at 63, 81. Third, the medical reports also stated that the plaintiff possessed crack cocaine based on the evidence recovered by the medical staff at the hospital.

Accordingly, there is no dispute of material fact in connection with the fabrication of evidence claim.  Therefore, the defendants' motion for summary judgment is granted with respect to the claim for fabrication of evidence.

### D. Excessive Force

The plaintiff has asserted that the defendants used excessive force against him in violation of his constitutional rights.  "The Fourth Amendment prohibits the use of excessive force in making an arrest, and whether the force used is excessive is to be analyzed under that Amendment's reasonableness standard."  Brown v. City of New York, 798 F.3d 94, 100 (2d Cir. 2015) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).  A police officer's use of force is "excessive" in violation of the Fourth Amendment if it is objectively unreasonable in light of the facts and circumstances known to the officer.  Lennon v. Miller, 66 F.3d 416, 425-26 (2d Cir. 1995); see also Maxwell v. City of New York, 380 F.3d 106, 108 (2d Cir. 2004).  To determine whether the amount of force applied to a plaintiff was unreasonable, courts consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396.  Excessive force claims require "serious or harmful," and "a de minimis use

of force will rarely suffice." <u>Drummond v. Castro</u>, 522 F. Supp. 2d 667, 678-79 (S.D.N.Y. 2007).

The defendants have argued that the officers' use of force was reasonable and de minimis and therefore the excessive force claim should be dismissed.  However, there are disputed material facts about the use of force, and a determination of whether the use of force was reasonable or de minimis turns on the resolution of those disputed material facts.

First, there is a dispute of exactly how the officers and the plaintiff wound up on the ground at the scene of the arrest. In deposition testimony, some defendants asserted that the officers and the plaintiff fell to the ground while other defendants stated that they did not remember how the officers and the plaintiff wound up on the ground.  The plaintiff stated in his deposition that the plaintiff fell to the ground after the defendant officers repeatedly slammed the plaintiff's head and face into a wall.  The defendants contend that the plaintiff was resisting arrest, but the plaintiff stated in his deposition that the officers did not identify themselves as police and that the plaintiff thought he was being robbed.  Allen Decl. Ex. B at 42.  As a result of the events at the scene of the arrest, the plaintiff needed sutures for a laceration on his forehead. Because there is a genuine dispute about what happened at the scene of the arrest, the degree and origin of the injuries, and

13

the extent of the force, the excessive force claim cannot be resolved on a motion for summary judgment.

Moreover, there are disputed material facts with respect to the attempted strip search of the plaintiff.  The defendants contend that the strip search was never completed because the plaintiff resisted and that the plaintiff's clothing was never removed.  The plaintiff contends that there was anal penetration that caused the plaintiff significant pain.  While the defendants contend that the plaintiff's description of the events is not believable, the Court cannot resolve this factual dispute on a motion for summary judgment.  The medical records indicate that the plaintiff complained to the medical staff at the hospital that he was experiencing significant pain in his anal area due to the search.  Moreover, additional crack cocaine was recovered as a result of the strip search, which undercuts the defendants' claim that the strip search could not be conducted.  Given the factual dispute, the excessive force claim cannot be resolved on a motion for summary judgment.

Accordingly, because there are genuinely disputed material facts, the motion for summary judgment is denied with respect to the excessive force claim.

### E. Municipal Liability

The plaintiff asserts a municipal liability claim against the City pursuant to Monell v. Dep't of Soc. Servs. of the City

14

of New York, 436 U.S. 658 (1978).  To bring a claim against a municipality under Section 1983, the plaintiff generally must allege that the challenged conduct was "performed pursuant to a municipal policy or custom."  Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004); Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864, 870 (2d Cir. 1992); see generally Monell, 436 U.S. at 694.  To identify a "policy or custom," the plaintiff must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injuries alleged.  Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997).  The alleged policy does not need to be contained in an explicitly adopted rule so long as the unlawful practices of city officials are so "persistent and widespread . . . as to constitute a custom or usage with the force of law."  Sorlucco, 971 F.2d at 870-71; see also Connick v. Thompson, 563 U.S. 51, 61 (2011) (stating that the acts of city officials must be "so persistent and widespread as to practically have the force of law"); see also Viruet v. City of New York, No. 16-cv-8327, 2019 WL 1979325, at *8 (S.D.N.Y. May 3, 2019).

The plaintiff can satisfy the "policy or custom" requirement by alleging:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing municipal policies that

caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

Tieman v. City of Newburgh, No. 13-cv-4178, 2015 WL 1379652, at *13 (S.D.N.Y. Mar. 26, 2015).

The plaintiff has alleged that the City was deliberately indifferent to widespread constitutional violations, and that the City has failed to train, supervise, investigate, or discipline officers for unconstitutional behaviors.  With respect to the deliberate indifference claim, a plaintiff must proffer specific details of how a policymaker acted with deliberate indifference.  City of Canton v. Harris, 489 U.S. 378, 388 (1989).  To demonstrate deliberate indifference, a plaintiff must show that "a policymaking official had notice of a potentially serious problem of unconstitutional conduct, such that the need for corrective action was obvious, and the policymaker's failure to investigate or rectify the situation evidences deliberate indifference, rather than mere negligence or bureaucratic inaction."  Amnesty Am. V. Town of W. Hartford, 361 F.3d 113, 128 (2d Cir. 2004).  The plaintiff has not produced any evidence of a policy, custom, or deliberate indifference by the City.  The plaintiff likewise has failed to

produce any evidence of a failure to train, supervise, investigate, or discipline officers for unconstitutional behavior.

Accordingly, the plaintiff has not provided any support for the Monell claim and therefore, the defendants are entitled to summary judgment dismissing the Monell claim.

### F. Remaining Constitutional Claims

The plaintiff has asserted several other constitutional claims, including violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution. However, these claims are nothing more than a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action," which is insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In fact, many of these claims are verbatim recitations of the various amendments of the Constitution. Moreover, the plaintiff has not pleaded or produced any factual support for these remaining constitutional claims, and therefore, there is no genuine issue of material fact with respect to these claims.

In addition to being nothing more than conclusory allegations, the remaining constitutional claims fail on the merits. The remaining Fourth Amendment claims are precluded by the guilty plea and the facts established in this litigation. The Fifth Amendment claims have no factual basis. The Sixth

17

Amendment claims are precluded by the guilty plea and affirmance of the conviction, and they also lack a factual basis.  The Eighth Amendment claim does not have any evidentiary support. The Fourteenth Amendment claim lacks a factual basis and does not have any evidentiary support.

Accordingly, the defendants are entitled to summary judgment dismissing the plaintiff's remaining constitutional claims.

### G. New York Law Claims

The plaintiff has asserted various state law claims that mirror the plaintiff's constitutional claims, including negligence, assault, battery, false arrest, false imprisonment, and malicious prosecution.  For the reasons stated above with respect to the plaintiff's claim for excessive force, there are disputed material facts with respect to the assault and battery claims.  However, for the reasons stated above, there is no genuine dispute of material facts with respect to the false arrest, false imprisonment, and malicious prosecution claims. See Weyant, 101 F.3d at 852; Shabazz, 201 F. Supp. 3d at 391-92. The plaintiff has not alleged any factual basis for the negligence claim, nor has the plaintiff produced any evidence to support the negligence claim.

Accordingly, the defendants are entitled to summary judgment dismissing the plaintiff's state law claims for false

arrest, false imprisonment, malicious prosecution, and negligence, but the motion for summary judgment with respect to the claims for assault and battery is denied.

### H. Lieutenant Hernandez

The plaintiff lists Lieutenant Hernandez as a defendant in this case because Lieutenant Hernandez authorized the strip search of the plaintiff.  However, there was probable cause for such a search, and therefore Lieutenant Hernandez was justified in authorizing such a search.  The officers observed the plaintiff engage in what they thought to be a drug transaction, and then they subsequently recovered multiple bags of cocaine falling from inside the plaintiff's pants.

The plaintiff does not allege any other involvement apart from the authorization of the search.  There is no allegation that Lieutenant Hernandez actually participated in the strip search of the plaintiff.  "It is well settled in this circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite" for liability pursuant to Section 1983.  Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).  Moreover, the respondeat superior theory is inapplicable to claims brought under Section 1983.  See Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).  Accordingly, the plaintiff has not alleged sufficient personal

19

involvement of Lieutenant Hernandez and therefore, the Section 1983 claims against Lieutenant Hernandez should be dismissed.

Similarly, there are no viable state law claims against Lieutenant Hernandez.  The only involvement for Lieutenant Hernandez was the authorization of the strip search that was reasonable.  Lieutenant Hernandez was not alleged to have participated in the search itself.  Therefore, there are no viable state law claims against Lieutenant Hernandez.

All claims against Lieutenant Hernandez should be dismissed.

## CONCLUSION

The Court has considered all of the arguments.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the reasons stated above, the defendants' motion for summary judgment dismissing the claims is **denied** with respect to the plaintiff's Section 1983 excessive force claim and state law claims for assault and battery.  The defendants' motion for summary judgment dismissing the claims is **granted** with respect to all other claims, including all claims against Lieutenant Hernandez.  The Clerk is directed to close Docket No. 115.

**SO ORDERED.**

Dated:   **New York, New York**
         **April 27, 2021**                      /s/ John G. Koeltl
                                          _____
                                               **John G. Koeltl**
                                       **United States District Judge**

20