UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Levar Henry,

                  Plaintiff,

-against-

The City of New York, et al.,

                  Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2021

1:17-cv-03450 (JGK) (SDA)

**ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

This Order separately addresses a motion to compel, several motions to seal, and a letter arguing that certain photo arrays should have been produced without redactions.

**I.**    **Motion To Compel**

Pending before the Court is Plaintiff's motion to compel Defendants to produce unredacted disciplinary files of the individual Defendants. (*See* Pl.'s 11/8/21 Ltr. Mot., ECF No. 176.[1]) For the reasons stated during today's conference, and the reasons set forth herein, Plaintiff's motion is DENIED.

The Court carefully has reviewed the documents provided for the Court's *in camera* review in both redacted and unredacted form, and the Court is satisfied that Defendants' latest production, made on November 12, 2021, is appropriately redacted so as to provide Plaintiff with the disciplinary information to which he is entitled—that is, disciplinary information relating to conduct, substantiated or not, similar to the conduct alleged in the complaint or that raises

---

[1] ECF No. 177 is an unredacted version, filed under seal, of the Letter Motion that Plaintiff filed at ECF No. 176.

questions about Defendants' credibility. *See Saavedra v. City of New York*, No. 19-CV-07491 (JPC), 2021 WL 104057, at *1 (S.D.N.Y. Jan. 12, 2021) ("The longstanding 'prevailing practice' of courts throughout the Second Circuit is to 'limit discovery of a defendant's disciplinary history to complaints, whether substantiated or not, about conduct similar to the conduct alleged in the complaint.'" (citation omitted)); Local Civil Rule 83.10(e)(1)(C) (requiring City to produce in § 1983 Cases information regarding "complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility").

## II. Motions To Seal

Also pending before the Court are motions to seal various filings which contain, among other things, Defendants' disciplinary records or references to such records. (*See* ECF Nos. 157, 172, 198, 201, 204 & 215.) These documents were filed under seal because they were designated by Defendants as "Confidential Materials" pursuant to the terms of the Protective Order entered in this case. (*See* Prot. Order, ECF No. 35.) However, the Protective Order expressly provides that "documents and information . . . shall not be deemed 'Confidential Materials' to the extent, and only to the extent, that they are: (1) obtained by Plaintiff from sources other than Defendants, or (b) [] otherwise publicly available." (*Id*. ¶ 3.)

As addressed during today's conference, much of the information contained in these documents is otherwise publicly available, and thus is not subject to the protections contained in the Protective Order, including the provisions (in paragraph 12) requiring that such documents be filed under seal. *See Walls v. City of New York*, No. 19-CV-00337 (RPK) (VMS), 2021 WL 1812634, at *3 (E.D.N.Y. May 6, 2021) (referring to CCRB, Pro Publica, 50-a and NYCLU websites). Accordingly, no later than January 3, 2022, Defendants shall file a letter with the Court that, with

respect to each of the filings at ECF Nos. 159, 175, 177, 179, 197, 200 and 216, either (1) withdraws Defendants' opposition to removing the seal on such filing; or (2) encloses a revised version of such filing containing redactions only of the information that Defendants contend should remain under seal, while explaining with specificity (in the body of the letter) the basis for each such redaction.

As consented to by Defendants during today's conference, the Clerk of Court is respectfully directed to lift the seal from the letter filed at ECF No. 203. (*Cf.* Defs.' 11/17/21 Ltr. Resp. #2, ECF No. 209, at 1 n.2.)

### III. Letter Regarding Redacted Photo Arrays

Also pending before the Court is a letter from Plaintiff arguing that Defendants' redaction of certain "photo arrays of the Defendant officers, which were shown to Mr. Henry . . . just five days after his arrest" is improper. (Pl.'s 11/18/21 Ltr., ECF No. 217.[2]) As discussed during today's conference, the Court agrees. No later than Monday, November 22, 2021, Defendants shall produce to Plaintiff unredacted versions of the photo arrays at issue.

The Clerk of Court is respectfully requested to cancel the gavels at ECF Nos. 139, 176 and 177.

**SO ORDERED.**

Dated:   New York, New York
         November 19, 2021

_____
STEWART D. AARON
United States Magistrate Judge

---

[2] ECF No. 216 is an unredacted version, filed under seal, of the Letter that Plaintiff filed at ECF No. 217.